1 | PATRICIA K. GILLETTE (STATE BAR NO. 74461)
pgillette@orrick.com
2 | AUBRY R. HOLLAND (STATE BAR NO. 259828)
aholland@orrick.com
3 | ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
4 | 405 Howard Street
San Francisco, CA 94105-2669
5 | Telephone:    +1-415-773-5700
Facsimile:    +1-415-773-5759
6 |
Attorneys for Defendant
7 | MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED
8 |

9 |                    UNITED STATES DISTRICT COURT

10 |              NORTHERN DISTRICT OF CALIFORNIA                    **BZ**

11 |                                    CV **09    3622**

12 | XIN XIN ("Annie") LI,                Case No.

13 |              Plaintiff,              **NOTICE OF REMOVAL**

14 |      v.

15 | MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, DOES ONE TO
16 | TEN,

17 |              Defendant.

1    To the Clerk of Court, Plaintiff Xin Xin ("Annie") Li and her attorney of record:

2    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446,

3  Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), hereby

4  removes this action from the Superior Court of California for the County of San Mateo, where the

5  action is now pending, to the United States District Court for the Northern District of California,

6  based upon the following:

7                                   **PROCEEDINGS TO DATE**

8    1.    On June 25, 2009, Plaintiff Xin Xin "Annie" Li ("Li") filed a *Complaint* in the

9  California Superior Court of San Mateo County captioned Xin Xin "Annie" Li v. Merrill Lynch,

10  Pierce, Fenner & Smith Incorporated, Case No. CIV485218. A true and correct copy of the Civil

11  Case Cover Sheet, *Complaint* and the summons and other papers issued with the *Complaint* are

12  attached to this notice as Exhibit A.

13    2.    Li served the *Complaint* upon Merrill Lynch by regular mail. The *Complaint* was

14  received by Merrill Lynch on July 8, 2009. *See* Exhibit A. Pursuant to Section 415.30 of the

15  California Code of Civil Procedure, the *Complaint* was served upon Merrill Lynch on July 20,

16  2009, the day that Merrill Lynch returned an executed Acknowledgment of Service by regular

17  mail, attached hereto as Exhibit B. Therefore, this notice is timely as it is filed within thirty (30)

18  days of the first receipt by Defendant of a copy of the *Complaint* in this matter. 28 U.S.C. §

19  1446(b).

20    3.    The *Complaint* seeks damages arising from Li's termination of employment by

21  Merrill Lynch for alleged discriminatory and retaliatory reasons in violation of the California Fair

22  Employment and Housing Act ("FEHA").

23    4.    Defendant is informed and believes and on that basis alleges that there have been

24  no other named defendants in this case and that no other defendant, whether named or not, has

25  been served with or otherwise received the *Complaint* in the Action.

26                                      **JURISDICTION**

27    5.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.

28  § 1332, as (i) the defendant to this action and the plaintiff are citizens of different states, and

- 2 -

1    (ii) Defendant is informed and believes, and therefore alleges, that the amount in controversy

2    exceeds the sum of \$75,000, exclusive of interest and costs. Therefore, this action is removable

3    pursuant to 28 U.S.C. § 1441(a).

4                                 **GROUNDS FOR REMOVAL**

5         7.     This action is a civil action between citizens of different states, for purposes of 28

6    U.S.C. § 1332(a)(i), because Plaintiff and Defendant are of diverse citizenship. Complete

7    diversity existed at the time that this action was filed and still exists.

8         a.     **Plaintiff's Citizenship.** Plaintiff, as she alleges, is a citizen of the State of

9             California. *See* Exhibit A, *Complaint* ¶ 1.

10        b.     **Defendant Merrill Lynch's Citizenship**. Merrill Lynch is a corporation

11             incorporated under the laws of the State of Delaware with its principal

12             place of business in the State of New York. Therefore, Merrill Lynch is a

13             citizen of both of the States of New York and Delaware pursuant to 28

14             U.S.C. § 1332(c)(1).

15        d.     **Doe Defendants.** Pursuant to 28 U.S.C. section 1441(a), the citizenship of

16             fictitious defendants is disregarded for purposes of establishing removal

17             jurisdiction under 28 U.S.C. section 1332; *see also Bryant v. Ford Motor*

18             *Co.*, 886 F.2d 1526 (9th Cir. 1989), cert. denied, 493 U.S. 1076 (1990).

19         8.     This action meets the amount in controversy requirement of 28 U.S.C. § 1332(b),

20    as Plaintiff alleges in her *Complaint* that she is entitled to compensatory damages, exemplary

21    damages, punitive damages, attorneys' fees and costs of suit. *See* Exhibit A, *Complaint* p. 3,

22    Prayer, ¶¶ 1-5. Based on the foregoing, the amount in controversy in this case easily exceeds the

23    jurisdictional minimum. Accordingly, Defendant is informed and believes, and on that basis

24    alleges, that it is factually apparent from the *Complaint* that Plaintiff claims damages in an

25    amount in excess of \$75,000 and, therefore, the amount in controversy in the Action (exclusive of

26    interest and costs) is in excess of \$75,000.

27         9.     Because this Action is currently pending before the Superior Court of California

28    for the County of San Mateo this District is the proper venue for this Action upon removal. *See*

- 3 -

1    28 U.S.C. § 1441(a).

2
     Dated: August 7, 2009                    PATRICIA K. GILLETTE
3                                             AUBRY R. HOLLAND
                                              Orrick, Herrington & Sutcliffe LLP
4

5

6                                                 AUBRY R. HOLLAND
                                                  Attorneys for Defendant
7                                             MERRILL LYNCH, PIERCE, FENNER &
                                                  SMITH INCORPORATED
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       - 4 -

Exhibit A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ALBERT L. BOASBERG          SBN:31205<br>155 MONTGOMERY STREET, SUITE 1010<br>SAN FRANCISCO, CA 94104<br>TELEPHONE NO.: 415-989-6960      FAX NO.: 415-989-6961<br>ATTORNEY FOR (Name): XIN XIN LI | **RECEIVED**<br>**JUN 2 2 2009** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>STREET ADDRESS: Superior Court of San Mateo County<br>MAILING ADDRESS: 400 County Center<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: | CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

CASE NAME: LI VS. MERRILL LYNCH, etc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| X Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **CIV485218**<br>JUDGE:<br>DEPT |

Items 1–6 below must be completed (see instructions on page 2)

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| X Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  X is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. X monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 1
5. This case ☐ is  X is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 16, 2009

ALBERT L. BOASBERG
(TYPE OR PRINT NAME)                                    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**  CEB | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

# AFFIDAVIT OF DELIVERY BY MAILING

FILED

SAN MATEO COUNTY

**JUN 22 2009**

Clerk of the Superior Court
By _____
DEPUTY CLERK

Li _____

VS.                                    CASE # 485218

Merrill Lynch

DOCUMENTS:

ENDORSED FILED COPIES OF COMPLAINT, SUMMONS, NOTICE OF CASE
MANAGEMENT CONFERENCE AND ADR PACKET INFORMATION

I declare under penalty of perjury that I delivered back to the customer a true copy of the
foregoing documents. Executed on the above file date at the Hall of Justice and Records
in Redwood City, CA 94063.

BY: **A. DEGLIANTONI**
_____
DEPUTY COURT CLERK

1 | ALBERT L. BOASBERG
Attorney at Law
2 | Alexander Building, Suite 1106
155 Montgomery Street
3 | San Francisco, CA 94104
Telephone (415) 989-6960
4 | State Bar No. 31205
5
Attorney for Plaintiff
6

7

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 2 2 2009

Clerk of the Superior Court
By ___A. Degliantoni___
DEPUTY CLERK

8 | SUPERIOR COURT, COUNTY OF SAN MATEO

9 | STATE OF CALIFORNIA

10 | UNLIMITED JURISDICTION

11

12 | 485218

XIN XIN LI, also known as ANNIE LI,  ) No.
13 | )
)
14 | Plaintiff,  )
vs.  ) COMPLAINT FOR EMPLOYMENT
15 | ) DISCRIMINATION; DEMAND FOR
MERRILL LYNCH, PIERCE,  ) TRIAL BY JURY
16 | FENNER & SMITH, INC., DOES  )
ONE TO TEN,  )
17 | )
)
18 | Defendants.  )
_____ )

19

20 | Plaintiff complains and alleges:

21 | I.

22 | At all times mentioned herein, Plaintiff, XIN XIN LI, also

23 | known as ANNIE LI, was an individual, residing in the County of San Mateo, State of

24 | California.

25 | California.

26 | At all times mentioned herein, Defendant, MERRIL LYNCH,

27 | PIERCE, FENNER & SMITH, INC., was and is a corporation, organized and existing in the

28

Complaint

1    State of New York and doing business in the City of Menlo Park, County of San Mateo, State of

2    California.

                           II.

3

4                     Plaintiff does not know the true names or identities of those

5    Defendants sued herein as DOES 1 TO 10 and therefore, sues said Defendants by such fictitious

6    names.

7                     Plaintiff prays leave to amend her complaint to allege the

8
   correct names and capacities of said Defendants, whenever the necessary facts are ascertained.
9

10                           III.

11                     Plaintiff was hired by Defendants on February 16, 2007 as a

12    Financial Advisor.

13                     Defendants are "employers", as defined by the California Fair

14    Employment and Housing Act (FEHA).

15
                          IV.
16

17                     Ever since her employment by Defendants began, Plaintiff, who

18    is of Chinese ancestry, suffered racial discrimination, all in violation of the FEHA.

19                           V.

20                     On or about November 10, 2008, in the County of San

21    Mateo at its Menlo Park Office, Defendants terminated Plaintiff's employment, allegedly for

22
   cause, but in truth and in fact, such termination was the result of harassment, discrimination and
23

24    retaliation on account of Plaintiff's race and national origin as hereinabove alleged.

25                           VI.

26                     On or about June 12, 2009, Plaintiff filed a complaint of

27    discrimination with the California Department of Fair Employment and Housing (DFEH).

28                     On or about June 12, 2009, DFEH duly issued to Plaintiff a

right-to-sue letter.

VII.

As a direct and proximate result of Defendants' discriminatory actions against Plaintiff, Plaintiff has suffered and continues to suffer damages,, in the form of lost wages and other employment benefits, including a demand for repayment of an employment incentive, and severe emotional and physical distress, the exact amount of which will be proven at trial.

VIII.

Defendants acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional and physical distress and are guilty of oppression and malice, entitling Plaintiff to an award of punitive or exemplary damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

    1.   For compensatory damages, according to proof and prejudgment interest allowable by law;

    2.   For exemplary and punitive damages, according to proof;

    3.   For reasonable attorney's fees;

    4.   For costs of suit; and

    5.   For such other relief as the Court may deem meet and proper.

Dated: June 16, 2009.

ALBERT L. BOASBERG,
Attorney for Plaintiff

3

# NOTICE OF CASE MANAGEMENT CONFERENCE

Li

**FILED**

SAN MATEO COUNTY

JUN 22 2009

vs.

Clerk of the Superior Court
By _Clara Raquon_
DEPUTY CLERK

Merrill Lynch

Case No. CIV 4 8 5 2 1 8

Date: 11/03/2009

Time: 9:00 a.m.

Dept. 25 on Tuesday & Thursday

Dept.   – on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 201.7).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30 days before the date set for the Case Management Conference.

> 2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent
 ·   ·  · l   · ·  ·  days ·  · to the scheduled conference. (see attached CourtCall information).

 

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br><br><br>TELEPHONE NO.:       FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN MATEO
STREET ADDRESS:   400 COUNTY CENTER
MAILING ADDRESS:   400 COUNTY CENTER
CITY AND ZIP CODE:   REDWOOD CITY, CA 94063
BRANCH NAME:   SOUTHERN

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE**    ☐ **LIMITED CASE**<br>(Amount demanded     (Amount demanded is $25,000<br>exceeds $25,000)       or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:       Time:       Dept.:       Div.:       Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
    a. ☐ This statement is submitted by party *(name):*
    b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a. The complaint was filed on *(date):*
    b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served *(specify names and explain why not):*

        (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

        (3) ☐ have had a default entered against them *(specify names):*

    c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
    a. Type of case in ☐ complaint ☐ cross-complaint   *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com




**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party c⁻ parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

## 11. Settlement conference

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

## 12. Insurance

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

## 14. Related cases, consolidation, and coordination

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

## 15. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 16. Other motions

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

 

Su.. or Court of California - County of San N...eo

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

Clerk of the Superior Court, Civil Division
Attention: Case Management Conference Clerk
Superior Court of California, County of San Mateo
400 County Center
Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

         ❑ Original signatures for all attorneys (and/or parties in pro per);
         ❑ The name of the neutral;
         ❑ Date of the ADR session; and
         ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the San Mateo County Superior Court's ADR Panelist List and information sheets on individual panelists, they may go to the court's website (see below) or contact the ADR Coordinator at (650) 363-1962 or (650) 599-1070.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the ADR Panelist List or can be found on the court's web site.

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896. For further information regarding San Mateo Superior Court's ADR program, contact the ADR offices at (650) 599-1070 or the court's ADR web site at http//www.co.sanmateo.ca.us.sanmateocourts/adr.htm.



# Appropriate Dispute Resolution (ADR) Information Sheet
Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

## What are the Advantages of Using ADR?

- **Faster** – Traditional litigation can take years to complete but ADR usually takes weeks or months.

- **Cheaper** – Parties can save on attorneys' fees and litigation costs.

- **More control & flexibility** – Parties choose the ADR process most appropriate for their case.

- **Cooperative & less stressful** – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

## What are the Disadvantages of Using ADR?

- **You may go to Court anyway** – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

- **Not free** – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

## Are There Different Kinds of ADR?

- **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

- **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

- **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

- **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

- **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date. For questions regarding settlement conferences, call (650) 599-1076.

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-8 (New September, 2007)

[CA Rule of Court §3.221]
www.sanmateocourt.org

Judicial Arbitration, one of th.    ailable Appropriate Dispute Resolutic    \DR) options, differs from
other options in that it is usua    .ourt-ordered, unless the parties agree  ∪ it.

## What are the Advantages of Using Judicial Arbitration?

- ❑  *Free* - Parties do not have to pay for the arbitrator's fee.

- ❑  *Fast* - Parties are usually given 120 days from the date of the Case Management Conference
  (CMC) to have their case heard by the appointed arbitrator.

- ❑  *Informal* - The hearing is conducted by an arbitrator who issues an award. (Arbitrators are
  usually attorneys who practice or have practiced in San Mateo County.)

## What are the Disadvantages of Using Judicial Arbitration?

- ❑  The award issued by the arbitrator is not always binding (unless the parties stipulated
  otherwise). If any party requests a trial within 30 days of the award, the award becomes void
  and the case continues on to trial.

## How Does Judicial Arbitration Work in San Mateo County?

- ❑  During your first CMC hearing, the judge may decide to order you to judicial arbitration. You
  will then receive instructions and a proposed list of arbitrators in the mail.

- ❑  Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at
  least 10 days before the first CMC. The CMC clerk will then vacate your CMC hearing and
  send the case to arbitration. The parties will receive instructions and a proposed list of
  arbitrators in the mail.

- ❑  Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list.
  Otherwise, proposed names of arbitrators will be sent to the parties.
    - o  For a list of arbitrators, their resumes, and other information, visit the Court's website at
      www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration
      Panelist List" and click on the arbitrator's name. To view the arbitrators by subject
      matter, click on "Judicial Arbitration Panelists by Subject Matter.")

- ❑  After the arbitration hearing is held and the arbitrator issues an award, the parties have 30
  days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that
  the award would be binding).

- ❑  If the parties reject the award and request a Trial de Novo, the Court will send out notices to
  the parties of the Mandatory Settlement Conference date and the trial date.

- ❑  Following your arbitration hearing, you will also receive an evaluation form to be filled out and
  returned to the Arbitration Administrator.

**For more information, visit the court website at www.sanmateocourt.org/adr or contact
Judicial Arbitration: 400 County Center, First Floor, Redwood City, CA 94063.
Phone: (650) 363-4896 and Fax: (650) 365-4897**

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use
Local Court Form ADR-CV-8 [New September, 2007]

[CA Rule of Court §3.221]
www.sanmateocourt.org

 

| Attorney or Party without Attorney<br>(Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| **Superior Court of California, County of San Mateo**<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655 (650) 363-4711 | |
| Plaintiff(s): | Case Number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation                           ☐ Binding Arbitration (private)
☐ Neutral Evaluation                              ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**    ☐ Summary Jury Trial
☐Other: _____

Case Type: _____

Neutral's name and telephone number: _____

Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

### ORIGINAL SIGNATURES

_____
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
☐Attorney for (Signature)

Attorney or Party without attorney

_____
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

_____
☐Attorney for (Signature)

Attorney or Party without attorney

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

---
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

---
☐Attorney for (Signature)

Attorney or Party without attorney


---
Type or print name of ☐Party without attorney

☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

---
☐Attorney for (Signature)

Attorney or Party without attorney


**IT IS SO ORDERED:**

DATE: 

---
JUDGE OF THE SUPERIOR COURT OF SAN MATEO COUNTY

 

Superior Court of California, County of San Mateo

## DIVISION II
## COURT MANAGEMENT - SUPERIOR COURT

### CHAPTER 1. FORM AND SERVICE OF PAPERS

#### Rule 2.0  Transfer of Court-Related Functions of the County Clerk to the Superior Court

Pursuant to the authority contained in Government Code section 69898, the court hereby transfers from the County Clerk to the Superior Court Executive Officer, under the direction of the Presiding Judge, all of the powers, duties, and responsibilities required or permitted to be executed or performed by the County Clerk in connection with judicial actions proceedings, and records.

(Adopted, effective July 1, 1996.)

#### Rule 2.1  Form of Papers Presented for Filing

Reference, CRC, rule 2.100, et seq.

(Adopted, effective July 1, 1996) (Amended effective January 1, 2000) (Amended, effective January 1, 2007)

#### Rule 2.1.1 Citations to Non-California Authorities.

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

#### Rule 2.1.2  Requests for Judicial Notice

(Adopted, effective July 1, 1996)(Repealed, effective January 1, 1999)

#### Rule 2.1.3 California Environmental Quality Act (CEQA)

If a petition for writ of mandate includes claims under CEQA (Public Resources Code section 21000 et. seq.), the case will be assigned to a judge designated to hear CEQA actions pursuant to Public Resources Code section 21167.1. Plaintiff shall identify the petition as being filed pursuant to "CEQA" on the face of the petition.

(Adopted, effective January 1, 1999)(renumbered from 2 1.4 effective January 1,2000)

#### Rule 2.1.4 Documents Produced Through a Nonparty

If a party proposes to obtain documents in the custody of a nonparty, as by a subpoena duces tecum, and such documents may be produced by certification or otherwise in lieu of personal appearance by a witness custodian, the request for such documents should specify that they be delivered not later than the first day for which the trial is calendared.

(Adopted, effective January 1, 2000)



Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case
management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to
these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after
filing of the complaint serve the complaint on each defendant along with:

    (A)     A blank copy of the Judicial Council Case Management Statement;

    (B)     A copy of Local Rule 2.3;

    (C)     The Notice of Case Management Conference.

        If a matter has been submitted to arbitration pursuant to uninsured motorist
    insurance, the plaintiff shall file a notice to that effect with the court at the time of filing
    the complaint, or at the time the matter is submitted. The notice shall include the name,
    address and telephone number of the insurance company, along with the claim number or
    other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph 5 below, each defendant shall within
30 days after answering the complaint file any cross-complaint (within 50 days if compliance
with a governmental claims statute is a prerequisite to the cross-complaint) not already served
with the answer under Code of Civil Procedure section. 428.50 and serve with that cross-
complaint:

    (A)     A blank copy of the Judicial Council Case Management Statement;

    (B)     A copy of Local Rule 2.3;

    (C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with
a complaint or cross-complaint shall file and serve a response within 30 days after service. The
parties may by written agreement stipulate to one 15-day extension to respond to a complaint or
cross-complaint.

        If the responsive pleading is a demurrer, motion to strike, motion to quash service of
    process, motion for a change of venue or a motion to stay or dismiss the case on forum non
    conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive
    pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If
    a demurrer is sustained or a motion to strike is granted with leave to amend, an amended
    complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered.
    The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the
case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere

(7)     Conference orders. At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

    (A)     An order referring the case to arbitration, mediation or other dispute resolution process;

    (B)     An order transferring the case to the limited jurisdiction of the superior court;

    (C)     An order assigning a trial date;

    (D)     An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

    (E)     An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

    (F)     An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

    (G)     An order scheduling the exchange of expert witness information;

    (H)     An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

    (I)     Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

    (A)     Reference CRC, Rule 3.670

    (B)     Procedure. Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings. A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing. Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office. There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall. CourtCall will fax confirmation of the request to parties.

    (C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)     Stipulations to Private ADR

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)     Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)     Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two

 

(2) Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an unsatisfied deductible, or if the insurance carrier is demanding that the insured contribute to settlement.

(3) With respect to any insured party, a representative of the insurance carrier with authority to settle which is meaningful considering the exposure to loss presented shall personally attend. If the claims representative in personal attendance has any limitation on his or her settlement authority, a representative of the carrier who has no such limitations shall be available to the court by telephone and shall remain available until released by the judge conducting the conference, regardless of the time of day at the location of that representative.

(4) Upon arrival at the department to which the conference has been assigned, counsel shall check in with the clerk and shall verify the attendance of those persons whose presence is required.

(5) Notwithstanding the provisions of CRC 3.1380(c), no later than five(5) court days before the date set for the settlement conference each party shall lodge with the office of the court administrator and serve on all other parties a written statement setting forth the following:

    (A) A statement of facts.

    (B) The contentions of each party to the action regarding liability and damages.

    (C) An itemized list of special damages.

    (D) In any case in which personal injury is claimed:

       (i) A description of the nature and extent of any injury claimed, including residuals.

       (ii) A description of the basis for and method of calculation of any claimed wage loss.

    (E) The most recent demand and offer or a description of any other proposed settlement between or among the parties.

(6) All parties shall be prepared to make a bona fide offer of settlement.

(b) The personal attendance of any person who is required by these rules to be present may be excused only by the presiding judge upon application made prior to the day on which the conference is scheduled. Any such person whose attendance is excused must remain available by telephone until he or she has been excused by the judge conducting the conference regardless of the time of day at the location of that person.

(c) No conference may be continued without the consent of the presiding judge or, if known, the judge to whom the case has been assigned for conference.

 

Superior Court of California, County of San Mateo

## CHAPTER 4. JURY RULES

Rule 2.7 Length of Jury Service

In compliance with CRC 2.1002. a person has fulfilled his or her jury service obligation when he or she has:

(a)     Served on one trial until discharged.

(b)     Been assigned on one day for jury selection until excused by the jury commissioner.

(c)     Attended court but was not assigned to a trial department for selection of a jury before the end of that day.

(d)     Been assigned to a trial department for selection of a jury and has been excused by the trial judge.

(e)     Served one day on call.

(f)     Served no more than 5 court days on telephone standby.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### Rule 2.7.1 Proposed Jury Instructions

(a)     Reference California Rules of Court, Rules 2.1055 and 2.1050.

(b)     The Trial Department shall determine in its discretion the timing of submission of proposed jury instructions.

(Amended, effective January 1, 2002) (Amended, effective January 1, 2006) (Amended, effective January 1, 2007)

### Rule 2.7.2 Duty Of Counsel with Respect to Jury Instructions

Before delivery of proposed jury instructions to the trial judge and opposing counsel, counsel shall fill in all blanks, make all strikeouts, insertions and modifications therein which are appropriate to the case. Submission of a form, which requires additions or modifications to constitute a complete and intelligible instruction, shall not be deemed a request for such instruction.

In addition to a hard copy of the proposed jury instructions, counsel shall provide the modified instructions on a computer diskette, and a clean copy of the instructions to be given to the jury.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2006)

### Rule 2.7.3 Form of Proposed Jury Instructions (CCP §§ 607a, 609,)

All proposed jury instructions shall conform to the requirements of California Rules of Court, Rule 2.1055. Any jury instructions requested after the conclusion of taking evidence shall be in writing. The court, in its discretion, may permit instructions to be sent into the jury room in "Booklet Form". In

 

Superior Court of California, County of San Mateo

Rule 2.7.6 Refund of Jury Fees: Duty to Notify Court

Jury fees shall be refunded pursuant to CCP Section 631.3 only if the party depositing the fees has given the master calendar coordinator written notice, at least two court days before the trial date, that the case settled, dropped or that the party's motion for continuance has been granted.

(Adopted, effective July 1, 2004 [former Rule 2.6])

## CHAPTER 5. GENERAL RULES

Rule 2.8 Family Law Rules

The local rules of San Mateo Superior Court relating to Family Law are contained in Division V of these rules, infra.

(Adopted, effective July 1, 1996)

Rule 2.9 Required Action

Action shall be taken on all calendared cases and a future date for action shall always be set. No case shall go "off calendar" without a future action being set.

(Adopted, effective July 1, 1996.)

Rule 2.10 Interpreters and Translators

a) Notice. When a party desires an interpreter, it shall be the responsibility of that party to give notice to the Court and all other parties of record. That party shall make arrangements for the presence and the payment of the interpreter.

b) Qualifications. Unless the interpreter is an official court interpreter, the interpreter's name and qualifications shall be provided to the court and opposing counsel five (5) court days prior to the date of the interpreter's appearance . If the interpreter is an official court interpreter, no prior disclosure is required.

c) Relations or friends. Without the consent of all parties, a relation or a friend may not be used as an interpreter or translator in a contested proceeding.

(Adopted, effective January 1, 2000)

**Rules 2.11 thru 2.19 (Reserved)**

## CHAPTER 6. CIVIL TRIAL RULES

Rule 2.20 Trial Motions, Briefs, Statements, and Witness Lists

Upon assignment to a trial department for trial by a jury, each party shall file with that department the following:
    (1) Any in limine motions and response thereto;
    (2) Any trial briefs;

 

C. **Application to Designate or Counter-Designate an Action as a Complex Case.**

Any party who files either a Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action:

- (1) Management of a large number of separately represented parties;
- (2) Complexity of anticipated factual and/or legal issues;
- (3) Numerous pretrial motions that will be time-consuming to resolve;
- (4) Management of a large number of witnesses or a substantial amount of documentary evidence;
- (5) Coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court;
- (6) Whether or not certification of a putative class action will in fact be pursued; and
- (7) Substantial post-judgment judicial supervision.

A copy of the Certificate Re: Complex Case Designation must be served on all opposing parties. Any certificate filed by a plaintiff shall be served along with the initial service of copies of the Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.401), summons, and complaint in the action. Any certificate filed by a defendant shall be served together with the service of copies of the counter or joinder Civil Case Cover Sheet (pursuant to California Rules of Court, Rule 3.402, subdivision (b) or (c)) and the initial first appearance pleading(s).

D. **Noncomplex Counter-Designation.**

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation has been filed and served and the Court has not previously declared the action to be a complex case, a defendant may file and serve no later than its first appearance a counter Civil Case Cover Sheet designating the action as not a complex case. Any defendant who files such a noncomplex counter-designation must also file and serve an accompanying Certificate Re: Complex Case Designation in the form prescribed by this Court and setting forth supporting information showing a reasonable basis for the noncomplex counter-designation being sought.

Once the Court has declared the action to be a complex case, any party seeking the Presiding Judge's decision that the action is not a complex case must file a noticed motion pursuant to Section H below.

E. **Decision by Presiding Judge on Complex Case Designation; Early Status Conference.**

If a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation have been filed and served, the Presiding Judge shall decide as soon as reasonably practicable, with or without a hearing, whether the action is a complex case and should be assigned to a single judge for all purposes.

Upon the filing of a Civil Case Cover Sheet designating an action as a complex case and the accompanying Certificate Re: Complex Case Designation, the Clerk of the Court shall set a status conference at which the Presiding Judge shall decide whether or not the action is a complex case. This status conference shall be held no later than (a) 60 days after the filing of a Civil Case Cover Sheet by a plaintiff (pursuant to California Rules of Court, Rule 3.401) or (b) 30 days after the filing of a counter

# SAN MATEO SUPERIOR COURT

## COURTCALL TELEPHONIC APPEARANCES

### JANUARY, 2004

Until further notice, voluntary telephonic appearances ("CourtCall Appearances") may continue to be made for Case Management Conferences in Departments 6 (Judge Kopp) and 21 (Judge Foiles), and for Civil Law and Motion matters in Department 1 (Judge Mittlesteadt) from 1/1/04 to 6/30/04 or Department 3 (Judge Freeman) from 7/1/04 to 12/31/04.

Counsel may make a CourtCall Appearance as follows:

1.  NOT LESS THAN FIVE (5) COURT DAYS BEFORE THE HEARING DATE IN DEPARTMENTS 6 AND 21 AND NOT LATER THAN 4:30 P.M. ON THE COURT DAY PRIOR TO HEARING IN DEPARTMENT 1 (1/1-6/30) or DEPARTMENT 3 (7/1-12/31) serve and file with CourtCall (not the Court!) a Request for CourtCall Telephonic Appearance (included in this package);

2.  Pay a fee of $55.00 to CourtCall, LLC.

Required filing and payment procedures are detailed within the instruction sheet "How to Use CourtCall," (see reverse). A confirmation from CourtCall, LLC, will be faxed to your office upon the filing and payment outlined above.

A CourtCall Appearance is made as part of a participating Department's usual calendar. Unless notified to the contrary, all counsel who have timely filed their Request and have paid the fee may appear by dialing the toll-free teleconference number provided by CourtCall, LLC. A pre-hearing check-in will occur five minutes before the scheduled hearing time. CourtCall Appearances will generally be afforded a calendar preference.

A CourtCall Appearance is voluntary and may be made without consent of the other party or advance consent of the Court. The Court, however, reserves the discretion to require personal appearance. In matters where only one party elects to make a CourtCall Appearance, the matter will be heard on the Court's speakerphone.

See reverse side for "How to Use CourtCall"

 

# COURTCALL, LLC

*Telephonic Court Appearances*
6365 ARIZONA CIRCLE
LOS ANGELES, CALIFORNIA 90045
(TEL) (310) 342-0888 (888) 88-COURT
(FAX) (310) 743-1850 (888) 88-FAXIN

## How To Use CourtCall! - SAN MATEO

### Filling Out The Form

**1. Serve:** Not less than 5 Court Days before the hearing (or 4 30 PM the Court day prior to hearing for Dept. 1 through 6/30/04 or Dept. 3 from 7/1/04 through 12/31/04) **COMPLETELY** fill out the original of the Request for CourtCall Appearance (the "Request Form"). Retain the original Request Form in your file. DO NOT FILE IT WITH THE COURT. Check the box indicating the method of payment of the fee. **INCOMPLETE REQUEST FORMS MAY RESULT IN A DELAY IN PROCESSING!!**

**2. Fax to CourtCall:** Fax a copy of the Form to CourtCall not less than 5 Court days prior to the hearing (of 4.30 pm the Court day prior to hearing for Dept. 1 or Dept. 3 as noted above). Do not fail to do so, as the CourtCall Calendar is set through these faxes!! **LATE FILINGS, IF ACCEPTED, ARE SUBJECT TO A LATE FEE!!**

**3. Payment by Credit Card:** Fill out credit card information <u>only</u> on the copy faxed to CourtCall and have that copy SIGNED by the PERSON WHOSE NAME IS ON THE CREDIT CARD.

**4. Payment by Check:** Fax a copy of check - write case # on check-payable to Telephonic Hearing Account to CourtCall with your Form and mail your check and a copy of your Form to CourtCall.

**5. Proof of Payment/CalendarConfirmation:**
Under normal circumstances you should receive a Confirmation from CourtCall by fax, within 24 hours of submission of a completed Request Form.   The Confirmation will contain your teleconference number and access code (if any").

---

**IF YOU DO NOT RECEIVE YOUR FAXED CONFIRMATION FROM COURTCALL WITHIN 24 HOURS OF SUBMISSION, CALL COURTCALL IMMEDIATELY TO VERIFY YOUR STATUS - WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR!**

---

FOR INFORMATION AND QUESTIONS ABOUT A COURTCALL APPEARANCE, CALL COURTCALL, NOT THE CLERK/COURT!

### When You Make The Call

* YOU MUST CALL THE TOLL FREE NUMBER ON YOUR CONFIRMATION 5 MINUTES BEFORE YOUR SCHEDULED HEARING TIME. NEVER USE A CELLULAR OR PAY PHONE  If prompted, dial your Access Code.** You will be advised whether you are joining the call in progress or if you are the first to call or you may be placed on "music-on-hold."

* If Court has commenced, DO NOT INTERRUPT! You will have an opportunity to speak. If the call is in progress and you hear voices, wait until an opportunity to speak arises without interrupting others. The Clerk may be performing a check-in and will get to you.**

*   After check-in wait until your case is called. Use your speakerphone while waiting if you are able to mute the microphone to eliminate ambient noise. When your case is called you MUST USE THE HANDSET. Identify yourself each time you speak and use common courtesy.

* If you are the first person on the call be patient, even if you experience silence or are placed on "music-on-hold," as the Clerk will join the call in due course. As others join you will hear a mild beep-beep" indicating others are on the line. Until your case is called do not speak other than with the Clerk. ** If the Clerk does not join the call within 15 minutes after your scheduled hearing time, have a staff member call CourtCall on our toll free Help Line - (888) 882-6878 and we will be happy to assist you. **DO NOT LEAVE THE LINE!**

"If the Confirmation from CourtCall does not list an access code with your assigned teleconference number, your matter will be heard privately, not in open court. The 5 minute check-in period will be conducted by a Teleconference Specialist who will conduct the conference in accordance with the Court's instructions. You will be placed on "music-on-hold" while you wait for the Judge to call your matter. The rules regarding cell phones and use of handsets apply. IF YOUR HEARING IS CONTINUED YOU MUST NOTIFY COURTCALL OF THE CONTINUANCE , IN WRITING, PRIOR TO YOUR COURTCALL APPEARANCE TO HAVE YOUR FEE APPLY TO THE CONTINUED HEARING. MATTERS CONTINUED AT THE TIME OF THE HEARING REQUIRE A NEW FORM AND ANEW FEE FOR THE CONTINUED DATE.

| ATTORNEY OF RECORD (Name /Address/Phone/Fax) | DO NOT FILE WITH COURT |
|---|---|
| State Bar No. _____ __ _ _____ __ __ | COMPLETELY FILL OUT/CORRECT FORM BEFORE SUBMITTING TO COURTCALL!! |
| ATTORNEY FOR (Name) | |
| San Mateo Superior Court | |
| | CASE NUMBER: |
| | JUDGE/DEPARTMENT: |
| | DATE AND TIME: |
| | NATURE OF HEARING: |
| REQUEST FOR COURTCALL TELEPHONIC APPEARANCE | |

1  _____ (Name of specific attorney appearing telephonically) requests a CourtCall telephonic calendar appearance at the above referenced proceeding and agrees to provisions of the Rule/Order/Procedure Re: CourtCall Telephonic Appearances. I UNDERSTAND THAT *I DIAL* INTO THE CALL FIVE MINUTES BEFORE ITS SCHEDULED START TIME.

2  Not less than five Court days prior to hearing (or 4:40 pm the Court day prior for Dept. 28), a copy of this document was served on all other parties and faxed to CourtCall, Telephonic Appearance Program Administrator at (310) 572-4679 OR (888) 88-FAXIN.

3 .  The non-refundable CourtCall Appearance Fee in the sum of $55.00 (plus additional fee of $35.00 if late filing is accepted) is paid as follows:

☐  Check (copy faxed-write case # on check) payable to CourtCall. DO NOT MAIL ORIGINAL. Signature below authorizes an ACH (electronic) debit in the amount and from the account listed on the check.

☐  Charged to CourtCall Debit Account No.:_____

☐  Charged to VISA, MasterCard or American Express:

| TO BE COMPLETED ONLY ON THE COPY SUBMITTED TO CourtCall, LLC: |
|---|
| Credit Card:    O VISA    O MasterCard    O American Express |
| Credit Card Number: _____    Expiration Date: _____ |
| To pay by credit card, the copy of this form submitted to CourtCall, LLC, must be signed by the person whose card is to be charged and must be faxed to CourtCall at (310) 572-4670 or (888) 88-FAXIN with the above credit card information completed. The signature below constitutes authorization to charge the above referenced credit card. |
| Date: _____ Name on Card: _____ |
| Type Name                                   Signature |

4.  Request Forms are processed within 24 hours. Call CourtCall if you do not receive a faxed Confirmation from CourtCall within 24 hours. WITHOUT A WRITTEN CONFIRMATION YOU ARE NOT ON THE COURTCALL CALENDAR AND MAY BE PRECLUDED FROM APPEARING TELEPHONICALLY! COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL.

Dated:_____

Signature

4 75.02                    REQUEST FOR COURTCALL TELEPHONIC APPEARANCE

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,
DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
XIN XIN LI, also known as ANNIE LI,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*


**FILED**
**SAN MATEO COUNTY**

**JUN 2 5 2009**

Clerk of the Superior Court
By _____
DEPUTY CLERK

CMC
WS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of San Mateo County<br><br>400 County Center<br><br>Redwood City, CA 94063 | CASE NUMBER:<br>*(Número del Caso):* | CIV485218 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Albert L. Boasberg, Esq.                    415-989-6960
155 Montgomery Street, Suite 1010
San Francisco, CA 94104   415-989-6960

DATE:                                              Clerk, by _____, Deputy
*(Fecha)* **JUN 2 5 2009**   **JOHN C. FITTON**   *(Secretaria)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

CEB

Code of Civil Procedure §§ 412.20, 465

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,
DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
XIN XIN LI, also known as ANNIE LI,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUN 2 5 2009

Clerk of the Superior Court
By J. Obaob
**DEPUTY CLERK**

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court of San Mateo County <br><br> 400 County Center <br><br> Redwood City, CA 94063 | CASE NUMBER: *(Número del Caso):*    CIV485218 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Albert L. Boasberg, Esq.   415-989-6960
155 Montgomery Street, Suite 1010
San Francisco, CA 94104   415-989-6960

| DATE: JUN 2 5 2009 | Clerk, by J. Obaob | , Deputy |
|---|---|---|
| *(Fecha)* JOHN C. FITTON | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

     under ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

 CT Corporation

**Service of Process
Transmittal**
07/08/2009
CT Log Number 515108091

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

**TO:**   Amy Eisenhardt, Attorney
Merrill Lynch
Third Party Services, Building One
4800 Deer Lake Drive
Jacksonville, FL 32246

## RE:   **Process Served in California**

**FOR:**   Merrill Lynch, Pierce, Fenner & Smith Incorporated (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Xin Xin Li, etc., Pltf. vs. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Notice and Acknowledgment of Receipt Form, Self-Addressed Stamped Envelope, Notice of Case Management Conference, Case Management Statement Form, Instructions, ADR Information Sheet, Stipulation and Order Form, Attachment(s), Request for Courtcall Telephonic Appearance Form |
| **COURT/AGENCY:** | San Mateo County, Superior Court, CA Case # CIV485218 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of race |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 07/08/2009 postmarked on 06/30/2009 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from 6/30/09 - Complete and return acknowledgment form // Within 30 days after service - file a written response // 11/3/09 at 9:00 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Albert L. Boasberg 155 Montgomery Street Suite 1010 San Francisco, CA 94104 415-989-6960 |
| **REMARKS:** | Service was made by mail under Section 415.30 of the California Code of Civil Procedure. Enclosed is a Notice and Acknowledgment of Receipt of Summons and Complaint for your consideration. Please be aware that C T Corporation does not sign on behalf of your company. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791233082089 Image SOP Email Notification, Amy Eisenhardt amy_eisenhardt@ml.com Email Notification, Jon Shields jon_shields@ml.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

POS-015

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Albert L. Boasberg, Esq. 155 Montgomery Street, Suite 1010 San Francisco, CA 94104 SBN: 31205 TELEPHONE NO. 415-989-6960    FAX NO. (Optional) 415-989-6961 E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name) XIN XIN LI | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: Superior Court of San Mateo County
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PLAINTIFF/PETITIONER: XIN XIN LI, etc.

DEFENDANT/RESPONDENT: MERRILL LYNCH, etc.

| | CASE NUMBER |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CIV485218 |

TO (insert name of party being served): MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 30, 2009

ALBERT L. BOASBERG
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [X] A copy of the summons and of the complaint.

2. [X] Other (specify): Notice of Case Management Conference, blank case management statement, ADR information package

(To be completed by recipient):

Date this form is signed:

▶

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

©EB

Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov

ALBERT LOEB BOASBERG

ATTORNEY AT LAW

ALEXANDER BUILDING, SUITE 1010

155 MONTGOMERY STREET

SAN FRANCISCO 94104



02 1P                    $ 000.440
0002532645    JUN 19  2009
MAILED FROM ZIP CODE 94104



02 1P        $ 001.56°
0002532645    JUN 30 2009
MAILED FROM ZIP CODE 94104

L. BOASBERG

RNEY AT LAW
BUILDING SUITE 1010
TGOMERY STREET
NCISCO, CA 94104

CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

FROM: Vivian Imperial (213)337-4615
CT - Los Angeles SOP Team
818 West Seventh Street
Los Angeles, CA 90017

TO: **Amy Eisenhardt (904)218-5708**
**Merrill Lynch**
**Third Party Services**
**Building One - 4800 Deer Lake Drive**
**Jacksonville, FL 32246**
Ref: SOP/0413900/51510809T/Vivian Imperial

FedEx Revenue Barcode

CAD#: 8318649
SHIP DATE: 08JUL09
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)

** 2DAY **

**FRI**
**A2**
Deliver by
**10JUL09**

TRK # 7912 3308 2089    FORM
0201

**JAX**

32246   -FL-US



# SC USTA

CLS092008051!

ALB ALB
1 ALBERT L. BOASBERG
  Attorney at Law
2 Alexander Building, Suite 1106
  155 Montgomery Street
3 San Francisco, CA 94104
4 Telephone (415) 989-6960
  State Bar No. 31205
5
6 Attorney for Plaintiff

FILED
SAN MATEO COUNTY

JUN 22 2009

Clerk of the Superior Court
By

7

8                    SUPERIOR COURT, COUNTY OF SAN MATEO

9                              STATE OF CALIFORNIA

10                          UNLIMITED JURISDICTION

11

12

13   XIN XIN LI, also known as ANNIE LI,        )        No. **485218
                                                )
14                          Plaintiff,          )
15              vs.                             )        COMPLAINT FOR EMPLOYMENT
                                                )        DISCRIMINATION; DEMAND FOR
16   MERRILL LYNCH, PIERCE,                     )        TRIAL BY JURY
     FENNER & SMITH, INC., DOES                 )
17   ONE TO TEN,                                )
                                                )
18                          Defendants.         )
                                                )
19   _____)

20                          Plaintiff complains and alleges:

21                                          I.

22
                            At all times mentioned herein, Plaintiff, XIN XIN LI, also
23
24   known as ANNIE LI, was an individual, residing in the County of San Mateo, State of

25   California.

26                          At all times mentioned herein, Defendant, MERRIL LYNCH,

27   PIERCE, FENNER & SMITH, INC., was and is a corporation, organized and existing in the

28   _____
     Complaint

1    State of New York and doing business in the City of Menlo Park, County of San Mateo, State of

2    California.

                                                    II.

4                        Plaintiff does not know the true names or identities of those

5    Defendants sued herein as DOES 1 TO 10 and therefore, sues said Defendants by such fictitious

6    names.

7                        Plaintiff prays leave to amend her complaint to allege the

8    correct names and capacities of said Defendants, whenever the necessary facts are ascertained.

9

10                                                 III.

11                       Plaintiff was hired by Defendants on February 16, 2007 as a

12   Financial Advisor.

13                       Defendants are "employers", as defined by the California Fair

14   Employment and Housing Act (FEHA).

15
                                                    IV.
16

17                       Ever since her employment by Defendants began, Plaintiff, who

18   is of Chinese ancestry, suffered racial discrimination, all in violation of the FEHA.

19                                                  V.

20                       On or about November 10, 2008, in the County of San

21   Mateo at its Menlo Park Office, Defendants terminated Plaintiff's employment, allegedly for

22   cause, but in truth and in fact, such termination was the result of harassment, discrimination and
23
     retaliation on account of Plaintiff's race and national origin as hereinabove alleged.
24

25                                                 VI.

26                       On or about June 12, 2009, Plaintiff filed a complaint of

27   discrimination with the California Department of Fair Employment and Housing (DFEH).

28                       On or about June 12, 2009, DFEH duly issued to Plaintiff a

                                                    2

1

2  right-to-sue letter.

VII.

3
As a direct and proximate result of Defendants' discriminatory

4
5  actions against Plaintiff, Plaintiff has suffered and continues to suffer damages, in the form of

6  lost wages and other employment benefits, including a demand for repayment of an employment

7  incentive, and severe emotional and physical distress, the exact amount of which will be proven

8  at trial.

9
VIII.

10
Defendants acted for the purpose of causing Plaintiff to suffer

11
financial loss and severe emotional and physical distress and are guilty of oppression and malice,
12

13  entitling Plaintiff to an award of punitive or exemplary damages.

14
WHEREFORE, Plaintiff prays for judgment against Defendants,

15  and each of them, as follows:

16
1.   For compensatory damages, according to proof and

17
prejudgment interest allowable by law;
18
2.   For exemplary and punitive damages, according to proof;
19
3.   For reasonable attorney's fees;
20
21
4.   For costs of suit; and

22
5.   For such other relief as the Court may deem meet and

23  proper.

24

25  Dated: June 16, 2009.

26
ALBERT L. BOASBERG,

27
Attorney for Plaintiff

28

3

Exhibit B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Albert L. Boasberg, Esq. <br> 155 Montgomery Street, Suite 1010 <br> San Francisco, CA 94104 <br> SBN: 31205 <br> TELEPHONE NO.: 415-989-6960　　FAX NO. *(Optional)*: 415-989-6961 <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: XIN XIN LI | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
　　STREET ADDRESS: Superior Court of San Mateo County
　　MAILING ADDRESS: 400 County Center
　　CITY AND ZIP CODE: Redwood City, CA 94063
　　BRANCH NAME:

PLAINTIFF/PETITIONER: XIN XIN LI, etc.

DEFENDANT/RESPONDENT: MERRILL LYNCH, etc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> CIV485218 |
|---|---|

TO *(insert name of party being served)*: MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 30, 2009

ALBERT L. BOASBERG
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER--MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify)*: Notice of Case Management Conference, blank case management statement, ADR information package

*(To be completed by recipient)*:

Date this form is signed: July 20, 2009

Julianne L. Peck, Esq.
Merrill Lynch, Pierce, Fenner & Smith Inc. ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)
　　　　　(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

⊛EB

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov